# IN THE SUPREME COURT OF TEXAS

══════════
No. 11-0554
══════════

CITY OF LORENA, TEXAS, PETITIONER,

v.

BMTP HOLDINGS, L.P., RESPONDENT

════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TENTH DISTRICT OF TEXAS
════════════════════════════════════════════

JUSTICE LEHRMANN, concurring.

In the spring of 2006, the City of Lorena was informed by retained engineers that its sewage system was over capacity. The City was further warned that, if the sewage volume continued to increase, excess sewage could contaminate nearby water sources. Needless to say, the receipt of this information put the City on notice that it needed to take action to protect its citizens. Title 7 of the Texas Local Government Code provides municipalities with authority to regulate the development of property, including the imposition of moratoria in certain circumstances. *See* TEX. LOC. GOV'T CODE §§ 212.131–.139. Today we are presented with the question of whether the statute at issue prohibited the City from using this form of protective action—the adoption of a moratorium—to protect its residents under the circumstances of this case.

While the conclusion the Court reaches today may seem harsh, in my view, the plain language of the statute leaves no plausible alternative. Section 212.135 clearly requires municipalities to issue written findings summarizing evidence demonstrating both "the extent of the need beyond estimated capacity of existing essential public facilities" and "that the moratorium is reasonably limited to: (A) areas of the municipality where a shortage of essential public facilities would otherwise occur; and (B) property that has not been approved for development because of the insufficiency of existing essential public facilities." *Id.* § 212.135(b). The definition of "property development" in section 212.131 unambiguously includes not only building construction, but also the subdivision of residential or commercial property. *Id.* § 212.131(3). In other words, property that has been approved for subdivision has necessarily been approved for development and is therefore not properly subject to a moratorium under section 212.135.

I agree with the dissent that, if the purpose of a moratorium is to prevent a shortage of essential public facilities, restricting the moratorium to only those properties that have not been approved for development is arguably insufficient to accomplish that goal. After all, exempting property that has been approved for development will necessarily lead to an increase in the volume of sewage burdening an already-taxed system. However, for the reasons advanced by the Court, I cannot say that such a result is absurd. Cities simply must be very careful when evaluating whether to grant permits authorizing development in the first instance.

All of this is not to say that cities are powerless to protect their citizens. To the contrary, municipalities must have an effective mechanism to do so in the event of a public threat. And while I agree with the dissent that reliance on the police power may not be the preferred method of

2

accomplishing such a necessary goal, that is not for this Court to decide. Because this option allows municipalities to take protective action when necessary and proper, without rising to the level of a constitutional taking, I concur in the Court's opinion and judgment.

 

 

                              _____

                              Debra H. Lehrmann
                              Justice

**OPINION DELIVERED:** August 30, 2013